UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAY 2 - 2006

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA

v.

NEIL EUGENE THOMAS,
also known as Neil Eugene Thompson,

Defendant.

Criminal No. 06-0092-03
TFH/DAR

## MEMORANDUM OF FINDINGS OF FACT
## AND STATEMENT OF REASONS IN
## SUPPORT OF ORDER OF DETENTION

### I. INTRODUCTION

Defendant is charged by indictment with one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine, cocaine base and cannabis in violation of 21 U.S.C. § 846; one count of unlawful distribution of five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1); one count of possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1); and one count of unlawful possession with intent to distribute cannabis in violation of 21 U.S.C. § 841(a)(1). A detention hearing was conducted by the undersigned United States Magistrate Judge on April 18, 2006.

Upon consideration of the evidence adduced at the hearing, the proffers and arguments of counsel and the entire record herein, Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

### II. THE BAIL REFORM ACT

United States v. Thomas                                                                                                                  2

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

United States v. Thomas                                                                                                      3

A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community arises if the judicial officer finds that there is probable cause to believe that the defendant committed an offense under the Controlled Substances Act, 21 U.S.C. § 801 et seq., for which a maximum period of incarceration of ten years or more is prescribed. 18 U.S.C. § 3142(e). An indictment is sufficient to demonstrate probable cause for purposes of 18 U.S.C. § 3142. See United States v. Vargas, 804 F.2d 157, 163 (1st Cir, 1986); United States v. Suppa, 799 F.2d 115, 117 (3rd Cir. 1986); United States v. Mosuro, 648 F. Supp. 316, 318 (D.D.C. 1986).

### III. DISCUSSION

The government proffered that Defendant participated in a "hub and wheel" conspiracy to distribute cocaine base and marijuana between May, 2004 and March, 2006. The government further proffered that Defendant's role in the conspiracy was as one of five suppliers to a local distributor. Additionally, the government proffered that a review of Defendant's Pretrial Services Agency report shows that Defendant has a previous Bail Reform Act conviction and convictions for possession of marijuana and cocaine. Furthermore, the Pretrial Services Agency report indicates that there are two outstanding non-extraditable warrants which were issued in California for Defendant's arrest for attempted grand theft and possession of a controlled substance.

Defendant's counsel proffered that Defendant's fiancé was present in the court and that the Pretrial Services Agency had verified Defendant's residence and contact information. Additionally, Defendant's counsel proffered that Defendant has been in compliance with all of

United States v. Thomas                                                                                                          4

the requirements of the High Intensity Supervision Program, which is his condition of release in a case pending in Superior Court in which he is charged with possession with intent to distribute cocaine, assault on a police officer, and destruction of property. Defendant requested that this court set the same conditions imposed in Superior Court.

## IV. **FINDINGS OF FACT**

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by clear and convincing evidence that no condition of release or combination of conditions would reasonably assure the safety of the community. First, the nature and circumstances of the offense charged indicate that Defendant was actively engaged in the distribution of significant quantities of cocaine and marijuana.

Second, for the reasons offered by counsel for the government, the undersigned finds that the weight of the evidence against the Defendant is compelling.

Third, Defendant's history and characteristics militate against pretrial release. While Defendant is a lifelong resident of the District of Columbia area, he has previously been convicted of possession of cocaine and marijuana, as well as a violation of the Bail Reform Act, and warrants for his arrest in another jurisdiction are outstanding.

Finally, the undersigned is satisfied that the toll which trafficking in cocaine and marijuana has taken and continues to take upon this community is well-documented and need not be repeated here. The undersigned finds that evidence of Defendant's significant involvement in the distribution of cocaine and marijuana demonstrates that his release would pose a danger to the community, and that he is not amenable to community supervision.

United States v. Thomas                                                                                                 5

The undersigned finds that Defendant's proffer, while arguably sufficient to rebut the presumption of fugitivity, is wholly insufficient to rebut the presumption of dangerousness. See United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).

## V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the April 18, 2006 Order of Detention.

_____/s/_____
DEBORAH A. ROBINSON
United States Magistrate Judge

\_\_May 2, 2006\_\_\_\_
DATE

\_\_April 18, 2006\_\_
NUNC PRO TUNC